## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **CASE NO 1:23 cr 0019**

**TODD JOSEPH HARBUCK**
    **Defendant.**

## GOVERNMENT'S MOTION FOR UPWARD VARIANCE

The United States of America, by and through the undersigned counsel, submits its Motion for Upward Variance of the Defendant's sentencing guideline in the event that the Court should determine that he does not qualify as an armed career criminal pursuant to 18 U.S.C. § 924(e) et seq. -- the "Armed Career Criminal Act" ("ACCA").

The Presentence Investigation Report ("PSR") prepared by the United States Probation Office currently contemplates that the Defendant qualifies as an armed career criminal which results in a guideline sentence range of 188-235 months.

The Defendant has objected to his classification as an armed career criminal and the United States has responded in opposition. The Court will resolve the objections at sentencing. While the Government's position is that the Defendant should qualify under the ACCA, if the Court disagrees, his guideline calculation would change. According to the PRS, the Defendant's offense level would be 26 with

1

a criminal history score of six, for criminal history category of III.  The resulting guideline range would be 78-97 months.

In the event that this Court does not apply the ACCA guidelines, the United States moves for an upward variance to a sentence of 120 months. A sentencing range of 78-97 months is insufficient to accomplish purposes set forth in 18 U.S.C. § 3553(a)(2).

In determining the appropriate sentence in any case, the Court should consider all of the factors in the Sentencing Reform Act and, in particular, those set forth in 18 U.S.C. § 3553(a). These factors include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* In the instant case, the factors set forth in 18 U.S.C. §§ 3553(a)(1) and (2)(A), (B), and (C) all weigh heavily in favor of a greater sentence than 97 months.

First, the nature and circumstances of the offense and the history and characteristics of the defendant weigh against the defendant, who has been involved in criminal conduct for approximately 30 years.  His criminal convictions, among others, consist of three separate violent crimes, including stabbing a man, shooting at police, and attacking a female police officer as well as a federal firearm conviction.

The instant offense involves the defendant again illegally possessing a firearm and acting violently toward others.

Next, the sentence imposed should "reflect the seriousness of the offense, [] promote respect for the law, and [] provide just punishment for the offense." The defendant as part of the instant offense beat two women while pointing the firearm that forms the basis of the instant conviction at them. The seriousness and dangerousness of the offense cannot be understated. The defendant's repeat offenses over the years shows that he has no respect for the law. The only just punishment in this case is the statutory maximum.

Another factor that the Court should consider in fashioning a sentence is the "deterrence to criminal conduct." While the Defendant's history and current conviction show that he is an inveterate criminal and is unlikely to ever be deterred from criminal conduct, deterrence is not only to discourage future criminal conduct by the defendant but to discourage the public at large from crime. The Court should send a strong message to the Defendant and the public that behavior like that in this case will not be tolerated.

Lastly and maybe most importantly, society should be protected from this defendant for as long as legally possible. As clearly demonstrate by his criminal history – he is violent, he is incorrigible, and he is a menace to public safety. The Court is well within its discretion to sentence this defendant to as lengthy a sentence as possible to protect others from this defendant's almost-certain next crime.

Case 1:23-cr-00019-JRH-BKE   Document 40   Filed 11/27/23   Page 4 of 5


For the foregoing reasons, if the Defendant's objection to his ACCA status is sustained, the Government requests that the Court sentence the defendant to not less than 120 month in the instant case.

Respectfully Submitted this 27th day of November, 2023.

JILL E. STEINBERG
UNITED STATES ATTORNEY

*s/ Patricia Green Rhodes*
Patricia Green Rhodes
Assistant United States Attorney
Georgia Bar No. 307288
P.O. Box 2017
Augusta, GA  30903
(706) 826-4534

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing on all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 27th day of November 2023.

JILL E. STEINBERG
UNITED STATES ATTORNEY

*/s/ Patricia Green Rhodes*
Patricia Green Rhodes